ORIGINAL

S E A L E D
BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 13 2013

at ____ o'clock and ____ min. ___ M.
SUE BEITIA, CLERK

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE # 3740
Chief, Criminal Division

MARSHALL H. SILVERBERG #5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
telephone: 440-9259
facsimile: 541-2958
e-mail: Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>DENNIS R. ALEXIO,   (01)<br>ANITALEI D. ALEXIO,  (02)<br><br>        Defendants. | CR. NO. CR13-01018 SOM<br><br>**INDICTMENT**<br><br>COUNT 1: 18 U.S.C. § 371<br>COUNTS 2 & 37: 18 U.S.C. § 641<br>COUNTS 3, 38-42: 18 U.S.C.<br>  § 287<br>COUNT 4: 18 U.S.C. § 1343<br>COUNTS 5-23: 18 U.S.C. §<br>  1956(a)(1)(B)(i)<br>COUNTS 24-36: 18 U.S.C. §<br>  1957<br>Forfeiture Allegations |

**INDICTMENT**

## COUNT 1
### (18 U.S.C. § 371)
### (Conspiracy)

The Grand Jury charges that:

I.   **BACKGROUND ALLEGATIONS**

At all times material herein:

1.   Defendants DENNIS R. ALEXIO (DENNIS ALEXIO or Mr. ALEXIO) and ANITALEI D. ALEXIO (ANITALEI ALEXIO or Mrs. ALEXIO) were married to each other and they lived in the same residence.

A.   **The Internal Revenue Service (IRS)**

2.   The Internal Revenue Service (IRS) was and is an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States of America.

B.   **ANITALEI ALEXIO'S 2007 Federal Tax Return**

3.   On October 14, 2008, ANITALEI ALEXIO efiled her 2007 tax return, Form 1040, to the IRS.  It claimed that she was entitled to a tax refund of $124,088 for 2007.  Mrs. ALEXIO'S 2007 tax return also directed that the IRS wire transfer her tax refund of $124,088 into her checking account with the American Savings Bank (ASB) in Honolulu, Hawaii.  The tax return provided the routing number for ASB in Honolulu, Hawaii, and ANITALEI ALEXIO's checking account number with ASB to effectuate the wire transfer of the refund.

4.    On November 28, 2008, the IRS wire transferred $124,002.80 into Mrs. ALEXIO'S checking account with ASB.

5.    On December 12, 2008, after having concluded that the tax refund was improperly paid to Mrs. ALEXIO, the IRS hand delivered a letter, dated December 11, 2008, to the residence shared by ANITALEI and DENNIS ALEXIO, with the heading, "NOTICE OF JEOPARDY LEVY AND RIGHT OF APPEAL."  It informed Mrs. ALEXIO that the IRS was notifying her that she was "not entitled to the refund recently issued, thereby putting our collection of the income tax you owe for the tax period(s) 12/31/2007 in jeopardy."  The letter further informed Mrs. Alexio that she actually owed $171,664, plus $1,739.37 in interest, to the IRS for the tax year ending on December 31, 2007.  The letter further informed Ms. ALEXIO that the IRS had "approved the issuance of a levy to collect the amount of money [she] owe[d]" to the IRS (i.e., $173,403.37).

6.    The IRS letter dated December 11, 2008, referred to in the preceding paragraph also informed Mrs. ALEXIO that she could challenge the decision by the IRS to issue a levy in two different ways -- either administratively within the IRS or by filing an action in federal court seeking judicial review.  There is no known record that Mrs. ALEXIO sought either type of review of the IRS's levy.

7.    Also on December 12, 2008, the IRS served a Notice of Levy on Mrs. ALEXIO'S bank account with ASB, informing ASB that

3

it needed to levy any funds in Mrs. ALEXIO'S bank account up to the amount of $173,403.38.   Pursuant to that Notice of Levy, on December 12, 2008, ASB levied Mrs. ALEXIO'S checking account of $14,468.85. ASB returned that money to the IRS.   There is no known record that either Mr. or Mrs. ALEXIO challenged the levy or the return of the $14,468.85 to the IRS.

       8.   By letter dated December 12, 2008, ASB informed ANITALEI ALEXIO that because of a levy from the IRS, it had debited $14,468.85 from her bank account.   It also attached a copy of the Notice of Levy from the IRS.

       9.   On or about December 15, 2008, DENNIS ALEXIO mailed, or caused to be mailed, the letter from the IRS dated December 11, 2008, back to the IRS.   On the returned letter, Mr. ALEXIO wrote "That's a Gift!  Where is My Benefit Today?" and he included his signature and his social security number.   He also included with the letter a $1.00 bill.

## C.   DENNIS ALEXIO'S 2007 Federal Tax Return

      10.   On October 11, 2008, DENNIS ALEXIO efiled his 2007 federal income tax return to the IRS, Form 1040, claiming a refund of $3,106,866.   He directed that the refund be wire transferred to his checking account with the Hawaii USA Federal Credit Union (Hawaii USA FCU).

11.   On November 7, 2008, the IRS initially granted the refund and applied $278,723 to back taxes owed by Mr. ALEXIO.   The balance of the requested refund -- $2,828,142 -- was canceled by the IRS before it was wire transferred to Mr. ALEXIO's account with the Hawaii USA FCU.

D.   **ANITALEI ALEXIO'S 2008 Federal Tax Return**

12.   On April 1, 2009, ANITALEI ALEXIO efiled her 2008 federal income tax return, Form 1040, with the IRS.   It claimed that she was entitled to a tax refund of $726,100.   It attached Form 8888 which directed that the refund should be split into two different accounts -- one payment of $376,100 to ANITALEI ALEXIO'S checking account with the ASB and a second payment of $350,000 to DENNIS ALEXIO'S checking account with the Hawaii USA FCU.

13.   On or about April 10, 2009, in accordance with ANITALEI ALEXIO'S 2008 tax return filed on April 1, 2009, the IRS wire transferred $376,100 into her checking account with the ASB and $350,000 into DENNIS ALEXIO'S checking account with the Hawaii USA FCU.   The IRS, however, had earlier sent notices to both banks to freeze both accounts because the refunds were improperly claimed and paid.   On April 10, 2009, the Hawaii USA FCU froze DENNIS ALEXIO'S checking account before he could access the $350,000 but the ASB did not freeze ANITALEI ALEXIO'S checking account before she accessed it on April 10, 2009.

E.   PERSONAL NOTICE FROM THE ASB TO
     ANITALEI ALEXIO

14.  On April 16, 2009, ANITALEI ALEXIO went to the ASB, Pearlridge Branch, and attempted to cash two cashier's checks, payable to "Anitalei Alexio," and derived from her tax refunds for 2007 and 2008.  ASB informed her that: the IRS had recalled the funds and she gave Mrs. ALEXIO a copy of the letter from the IRS informing them that Mrs. ALEXIO'S refund of $376,100 had been improperly paid; they were sending the two cashier's checks to the IRS; and if Mrs. ALEXIO returned the rest of the funds or cashier's checks back to the ASB, then the bank would also remit them to the IRS.

F.   ADDITIONAL IRS NOTICES TO THE ALEXIOS

15.  On or about April 24, 2009, the IRS mailed a notice to ANITALEI ALEXIO that she owed $1,034,863.79 in federal income taxes for tax year 2008.

16.  On or about May 4, 2009, the IRS sent a notice to DENNIS ALEXIO that he owed $2,550,311.26 in federal income taxes for the year 2007.  On or about June 8, 2009, the IRS sent an intent to levy notice to DENNIS ALEXIO that he owed $2,569,755.66 in federal income taxes for the year 2007.

17.  By letter dated September 24, 2010, Mrs. ALEXIO was informed that she was being investigated for possible criminal prosecution regarding her tax liabilities for 2006-08.

6

## II.   THE CHARGE

18.   From on or before December 15, 2008, and continuing thereafter at least until on or about August 7, 2013, in the District of Hawaii and elsewhere, the defendants DENNIS R. ALEXIO and ANITALEI D. ALEXIO did knowingly conspire and agree with each other, and with others known and unknown to the Grand Jury, to commit offenses against the United States, to wit:

> a)   Theft of Public Money, that is, converting to their own use money belonging to the United States which they had obtained from the IRS by filing tax returns which falsely and fraudulently requested tax refunds, in violation of Title 18, United States Code, Section 641;
>
> b)   Filing false and fraudulent claims with the Internal Revenue Service, that is, seeking federal income tax refunds to which they were not entitled, in violation of Title 18, United States Code, Section 287;
>
> c)   Wire Fraud, that is, causing the IRS to use the interstate wire transfers by directly depositing their improperly sought and obtained federal income tax returns into their bank accounts, thereby making the funds quickly available to them and less likely to be levied by the Internal Revenue Service, in violation of Title 18, United States Code, Section 1343;
>
> d)   Money Laundering and attempted Money Laundering, that is, engaging in and attempting to engage in illegal financial transactions, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), and 1957; and

to defraud the United States by impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in administering and enforcing the tax laws of the United States.

### III. <u>MANNER AND MEANS OF THE CONSPIRACY</u>

19.   It was a part of the conspiracy that DENNIS ALEXIO and ANITALEI ALEXIO converted to their own use $109,533.95 (i.e., $124,002.80 minus $14,468.85) which the IRS had paid Mrs. ALEXIO on November 28, 2008, based upon her federal tax return for 2007.

20.   It was a part of the conspiracy that on or about December 7, 2010, DENNIS ALEXIO mailed his federal income tax return for 2009, requesting the IRS to wire transfer $3,267,456, into his checking account with the Hawaii USA FCU.

21.   It was further a part of the conspiracy that ANITALEI ALEXIO filed federal income tax returns, as indicated in the table below, requesting the IRS to wire transfer the listed amounts into her bank with ASB and also to wire transfer $350,000 of the 2008 tax refund request into her husband's account with Hawaii USA FCU:

| Date of filing | Tax Year | Amount of Refund Sought |
| --- | --- | --- |
| 04/01/09 | 2008 | $726,100 |
| 05/12/10 | 2009 | $794,566 |

22.   It was further a part of the conspiracy that once ANITALEI ALEXIO received $376,100 from the IRS as a partial payment for her 2008 federal income tax return refund request, she concealed its location and availability to be levied by and from the ASB and the IRS by purchasing cashier's checks for herself, for two of her minor children, and for her friend, D.L.

23.   It was further a part of the conspiracy that DENNIS ALEXIO purchased cashier's checks in order to conceal the location of the illegally received tax refunds from the ASB and the IRS.

## IV.   OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy, and to accomplish its objects, DENNIS ALEXIO and ANITALEI ALEXIO committed, or caused to be committed, the following overt acts, among others:

24.   On or about December 15, 2008, DENNIS ALEXIO mailed back to the IRS the letter/notice dated December 11, 2008, which had been left at the residence he shared with his wife on December 12, 2008, informing the IRS that the tax refund his wife had received for 2007 was "a Gift" and inquiring "Where is My Benefit Today?"

25.   On or about April 1, 2009, ANITALEI ALEXIO efiled her 2008 federal income tax return with the IRS.   It falsely and fraudulently requested a tax refund of $726,100, with the refund to be split between two bank accounts -- $376,100 being directed to ANITALEI ALEXIO'S checking account with ASB and $350,000 being directed to DENNIS ALEXIO'S checking account with Hawaii USA FCU.

26.   From April 7, 2009, through April 9, 2009, the IRS, acting in response to the tax return efiled by ANITALEI ALEXIO on April 1, 2009, wire transferred $376,100 into Mrs. ALEXIO's checking account with the ASB and $350,000 into DENNIS ALEXIO'S checking account with the Hawaii USA FCU.

9

27.   On April 10, 2009, after the IRS had wire transferred $376,100 into her checking account with the ASB, ANITALEI ALEXIO effectively withdrew the $376,100, by purchasing five cashier's checks (cc), as set forth in the table below, with the obtaining of each cashier's check a separate overt act:

| Overt Act | Date | CC# | Payee | Amount |
|-----------|------|-----|-------|--------|
| (a) | 4/10/09 | 401352384 | T.Z.A. (son) | $100,000 |
| (b) | 4/10/09 | 401352385 | T.B.A. (daughter) | $100,000 |
| (c) | 4/10/09 | 401352386 | herself | $50,000 |
| (d) | 4/10/09 | 401352387 | D.L. | $35,000 |
| (e) | 4/10/09 | 401352388 | herself | $98,520.77 |

28.   In addition to purchasing the five cashier's checks identified in the preceding paragraph, Mrs. ALEXIO also withdrew $1,000 in cash from her checking account with the ASB.   The total disbursements she received on April 10, 2009, from the ASB, after arranging for the IRS to refund her $376,100 based upon her false and fraudulent federal tax return for 2008, was $384,560.77.

29.   With respect to the $50,000 cashier's check identified above in paragraph 27(c), on April 16, 2009, ANITALEI ALEXIO tried to cash that check, and another $20,000 cashier's check she had purchased from her tax refund for 2007 (CC #401266005), at the ASB.

30.   On or about August 9, 2010, ANITALEI ALEXIO filed her federal income tax return for 2009 with the IRS, claiming a refund of $794,566.

31.   With respect to the $100,000 cashier's check identified above in paragraph 27(a), on or about September 4, 2010, DENNIS ALEXIO endorsed and deposited that cashier's check into a custodial account he had with his son, T.Z.A, at ASB.

32.   Once DENNIS ALEXIO had endorsed and deposited the $100,000 cashier's check referred to in the preceding paragraph, he conducted the following financial transactions on September 4, 2010, as set forth in the table below, with each financial transaction constituting a separate overt act:

| Overt Act | Date | Financial Transaction | Amount |
|---|---|---|---|
| (a) | 9/04/10 | Purchase of CC #500495282, made payable to OSLS | $12,000 |
| (b) | 9/04/10 | Purchase of CC #500495283, made payable to himself | $78,000 |
| (c) | 9/04/10 | Purchase of CC #500495284, made payable to S.S.A. | $4,000 |
| (d) | 9/04/10 | Withdrawal of cash | $4,976 |

33.   With respect to the $100,000 cashier's check identified in paragraph 27(b) above, on or about September 5, 2010, DENNIS ALEXIO endorsed that $100,000 cashier's check, thereby making that $100,000 available to himself.

11

34.   Once DENNIS ALEXIO had endorsed and deposited the $100,000 cashier's check described in the previous overt act, he engaged in the following financial transactions on September 5, 2010, involving that $100,000, as set forth in the table below, with each financial transaction constituting a separate overt act:

| Overt Act | Date | Financial Transaction | Amount |
|---|---|---|---|
| (a) | 9/05/10 | Purchase of CC #500495288, made payable to his mother-in-law | $4,800 |
| (b) | 9/05/10 | Purchase of CC #500495289, made payable to himself | $75,000 |
| (c) | 9/05/10 | Purchase of CC #500495290, made payable to himself | $15,000 |
| (d) | 9/05/10 | Withdrawal of cash | $4,976 |

35.   Once DENNIS ALEXIO had purchased the $75,000 cashier's check identified in paragraph 34(b) above, he engaged in the following financial transactions on October 16, 2010, involving that $75,000, as set forth in the table below, with each financial transaction constituting a separate overt act:

| Overt Act | Date | Financial Transaction | Amount |
|---|---|---|---|
| (a) | 10/16/10 | Purchase of CC #0005075768, made payable to himself | $20,000 |
| (b) | 10/16/10 | Purchase of CC #0005075769, made payable to himself | $20,000 |

(c)  10/16/10   Deposit the balance of the $75,000, CC   $35,000
                #500495289, into his checking account
                at Hawaii USA FCU.

(d)  10/16/10   Purchase, via check #235, drawn on      $33,586.88
                his checking account, to New City
                Nissan for a 2010 Nissan Armada

   36. On December 23, 2010, DENNIS ALEXIO took the $20,000

cashier's check identified in paragraph 35(b) above and he deposited

it into his checking account with Hawaii USA FCU.

   37. Once DENNIS ALEXIO had access to the $20,000

described in the preceding overt act, he engaged in the following

additional financial transactions on December 23, 2010, as set forth

in the table below, with each financial transaction constituting a

separate overt act:

| Overt Act | Date | Financial Transaction | Amount |
|---|---|---|---|
| (a) | 12/23/10 | Purchase of CC #0005090322, made payable to himself | $10,000 |
| (b) | 12/23/10 | Withdrawal of cash | $8,000 |
| (c) | 12/23/10 | Deposit into his checking account | $2,000 |

   38. On January 5, 2011, DENNIS ALEXIO took the $10,000

cashier's check identified in paragraph 37(a) above and he deposited

it into his checking account with Hawaii USA FCU.

13

39.    Once DENNIS ALEXIO had access to the $10,000 described in the preceding overt act, he engaged in the following additional financial transactions on January 5, 2011, involving that $10,000, as set forth in the table below, with each financial transaction constituting a separate overt act:

| Overt Act | Date | Financial Transaction | Amount |
|---|---|---|---|
| (a) | 1/05/11 | Purchase of CC #0005092833, made payable to himself | $5,000 |
| (b) | 1/05/11 | Deposit into his checking account | $5,000 |

40.    On January 31, 2011, DENNIS ALEXIO took the $5,000 cashier's check identified in paragraph 39(a) above and he deposited it into his checking account with Hawaii USA FCU.

41.    On January 31, 2011, DENNIS ALEXIO withdrew $3,000 in cash from his checking account with Hawaii USA FCU.

42.    On February 28, 2011, DENNIS ALEXIO took the $20,000 cashier's check identified in paragraph 35(a) above and he deposited it into his checking account with Hawaii USA FCU.

43.    Once DENNIS ALEXIO had access to the $20,000 described in the preceding overt act, he engaged in the following additional financial transactions on February 28, 2011, involving that $20,000, as set forth in the table below, with each financial transaction constituting a separate overt act:

14

| Overt Act | Date | Financial Transaction | Amount |
|---|---|---|---|
| (a) | 2/28/11 | Purchase of CC #0005104082, made payable to himself | $10,000 |
| (b) | 2/28/11 | Purchase of CC #0005104083, made payable to S.S.A. | $4,000 |
| (c) | 2/28/11 | Withdrawal of cash | $5,000 |
| (d) | 2/28/11 | Deposit into his checking account | $1,000 |

44.  On April 2, 2011, DENNIS ALEXIO took the $10,000 cashier's check identified in paragraph 43(a) above and he deposited it into his checking account with Hawaii USA FCU.

45.  Once DENNIS ALEXIO had access to the $10,000 described in the preceding overt act, he engaged in the following additional financial transactions on April 2, 2011, involving that $10,000, as set forth in the table below, with each financial transaction constituting a separate overt act:

| Overt Act | Date | Financial Transaction | Amount |
|---|---|---|---|
| (a) | 4/02/11 | Purchase of CC #0005111509, made payable to himself | $5,000 |
| (b) | 4/02/11 | Deposit into DENNIS ALEXIO'S checking account with Hawaii USA FCU | $5,000 |

46.  On or about August 9, 2010, ANITALEI ALEXIO filed her 2009 federal tax return with the IRS.  It falsely and fraudulently sought a refund of $794,566.  The IRS did not pay that refund.

15

47. On or about December 7, 2010, DENNIS ALEXIO filed his 2009 federal tax return with the IRS. It falsely and fraudulently sought a refund of $3,267,456, and it requested the refund be wire transferred into his checking account with the Hawaii USA FCU. The IRS did not pay that refund.

48. On or about December 24, 2010, ANITALEI ALEXIO filed an Amended 2009 federal tax return, Form 1040X, with the IRS. It falsely and fraudulently sought a refund of $3,250,170. It further claimed that Mrs. ALEXIO had $5,000,000 withheld on "Forms 1099 INT, DIV and OID."

49. On or about August 7, 2013, after going to the Bank of Hawaii and purchasing a cashier's check, #2112825, in the amount of $50,000, D.L. mailed that cashier's check to ANITALEI ALEXIO. This $50,000 cashier's check was a repayment for cashier's check, #401352387, in the amount of $35,000, which D.L. had received from Mrs. Alexio on or about April 10, 2009, plus $15,000 D.L. had received from Mrs. Alexio on or about April 4, 2009, via cashier's check #401266312, which D.L. had deposited into her bank account with Bank of Hawaii.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(18 U.S.C. §§ 2 and 641)
(Theft of Government Money
and aiding and abetting the same)

The Grand Jury further charges that:

1.    Paragraphs 1-17 of Count 1 of this Indictment are incorporated herein by reference.

2.    Notwithstanding the letter from the IRS dated December 11, 2008, informing defendant ANITALEI D. ALEXIO that she was not entitled to her 2007 tax refund recently issued (in the amount of $124,002.80), and despite the notice in that letter that Mrs. ALEXIO owed $173,403.37 to the IRS for tax year 2007, defendants ANITALEI D. ALEXIO and DENNIS R. ALEXIO did not refund the balance of the $124,002.80, that is $109,533.95, to the IRS, thereby converting it to their own use.

### THE CHARGE

3.    Or about December 15, 2008, in the District of Hawaii, the defendants DENNIS R. ALEXIO and ANITALEI D. ALEXIO, willfully and knowingly did convert to their own use more than $1,000, that is, $109,533.95 (i.e., $124,002.80 minus $14,468.85), and did aid and abet the same, with such funds belonging to the United States and the Internal Revenue Service, an agency of the United States.

All in violation of Title 18, United States Code, Sections 2 and 641.

## COUNT 3
### (18 U.S.C. § 287)
### (False and Fraudulent Claim)

The Grand Jury further charges that:

1.    Paragraphs 1-17 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about April 22, 2009, the IRS informed defendant ANITALEI D. ALEXIO that she owed $1,034,863.79 in income taxes for tax year 2008.   That number can be rounded off to $1,034,468.

## THE CHARGE

2.    On or about April 1, 2009, in the District of Hawaii, the defendant ANITALEI D. ALEXIO presented a claim to the Internal Revenue Service, an agency of the United States, that is, she efiled her 2008 federal income tax return, Form 1040, seeking a tax refund of $726,100, knowing that the claim for a tax refund of $726,100 was false and fraudulent because it was based in part upon falsely stating on line 62 of Form 1040, entitled "Federal income tax withheld from Forms W-2 and 1099," that she had had $1,034,468 in additional tax withheld from her on April 22, 2009, when in truth and fact, as ANITALEI D. ALEXIO well knew, that amount of additional taxes was never withheld on her behalf by the IRS.

All in violation of Title 18, United States Code, Section 287.

\ \

18

## COUNT 4
### (18 U.S.C. § 1343)
### (Wire Fraud)

The Grand Jury further charges that:

I.    **BACKGROUND ALLEGATIONS**

1.    Paragraphs 1-17 of Count 1 of this Indictment are incorporated herein by reference.

II.   **THE SCHEME TO DEFRAUD**

2.    From on or before April 1, 2009, and continuing thereafter to at least February 16, 2011, the defendants ANITALEI D. ALEXIO and DENNIS R. ALEXIO knowingly devised and intended to devise a scheme to defraud by obtaining money from the Internal Revenue Service (IRS), by means of materially false and fraudulent representations, well knowing at the time that such representations were false and fraudulent when made.

III.  **MANNER AND MEANS OF THE SCHEME TO DEFRAUD**

3.    It was part of the scheme to defraud and to obtain money from the IRS that when ANITALEI ALEXIO filed her 2008 federal tax return with the IRS, which falsely and fraudulently sought a tax refund of $726,100, she directed the IRS that such tax refund of $726,100 should be split and wire transferred into two checking accounts, one belonging to her with American Savings Bank (ASB) and one belonging to her husband, DENNIS R. ALEXIO, with Hawaii USA Federal Credit Union.  By having the tax refunds wire transferred

19

into the two checking accounts, instead of being sent by check, ANITALEI ALEXIO and DENNIS ALEXIO attempted to obtain the money as soon as possible in order to diminish the possibility that the IRS would cancel the tax refund, like it did in November 2008 with respect to Mr. ALEXIO'S refund claimed in his 2007 federal income tax return, or levy the funds in the two bank accounts like it levied the funds in Mrs. ALEXIO'S checking account with ASB on December 12, 2008, which cost her $14,468.85.

4.    It was part of the scheme to defraud and to obtain money from the IRS that when DENNIS ALEXIO filed his 2009 federal tax return with the IRS on December 7, 2010, which falsely and fraudulently claimed a tax refund of $3,267,456, he directed that such tax refund be wire transferred into his checking account with Hawaii USA Federal Credit Union.

5.    It was part of the scheme to defraud and to obtain money from the IRS that Dennis Alexio refiled his 2009 federal tax return, referred to in the preceding paragraph, with the IRS on February 16, 2011.

\ \

\ \

\ \

\ \

\ \

## IV.   THE CHARGE

6.   From beginning on a date unknown to the Grand Jury, but at least since April 1, 2009, and continuing thereafter until February 16, 2011, in the District of Hawaii, for the purpose of executing, and attempting to execute the aforesaid scheme and artifice to defraud, the Defendants ANITALEI D. ALEXIO and DENNIS R. ALEXIO did cause to be transmitted, in interstate commerce, by means of wire communications, certain signs, signals and sounds, that is, an electronic wire transfer from the Internal Revenue Service in the amount of $376,100, which passed through multiple states of the United States in interstate commerce before reaching Hawaii and ANITALEI D. ALEXIO'S checking account with American Savings Bank in Honolulu, Hawaii, and did attempt to cause to be transmitted, in interstate commerce, by means of wire communications, certain signs, signals and sounds, that is, electronic wire transfers from the Internal Revenue Service which would have been fraudulently obtained tax refunds for the tax returns described in paragraphs 4 and 5 of this Count of the Indictment.

All in violation of Title 18, United States Code, Section 1343.

\ \

\ \

\ \

21

## COUNTS 5-10
18 U.S.C. § 1956(a)(1)(B)(i))
(Money Laundering)

The Grand Jury further charges that:

1.     Paragraphs 1-17 of Count 1, and Paragraphs 1-5 of Count 4, of this Indictment are incorporated herein by reference.

2.     On or about the dates set forth in the table below, in the District of Hawaii, defendant ANITALEI D. ALEXIO, knowing that property involved in financial transactions affecting interstate commerce represented the proceeds of some form of unlawful activity, conducted and attempted to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, that is, ANITALEI D. ALEXIO purchased cashiers checks (CC), which were the proceeds of the wire fraud charged in Count 4 of this Indictment, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the wire fraud charged in Count 4 of this Indictment, with the purchase of each cashiers check, or the attempt to cash out a cashiers check, constituting a separate count of this Indictment as set forth in the table below:

| Count | Date | Financial Transaction | Payee | Amount |
|-------|------|----------------------|-------|--------|
| 5 | 04/10/09 | Purchase of CC# 401352384 | T.Z.A. | $100,000 |
| 6 | 04/10/09 | Purchase of CC# 401352385 | T.B.A. | $100,000 |
| 7 | 04/10/09 | Purchase of CC# 401352386 | herself | $50,000 |

| 8 | 04/10/09 | Purchase of CC# 401352387 | D.L. | $35,000 |
| 9 | 04/10/09 | Purchase of CC# 401352388 | herself | $98,520.77 |
| 10 | 04/16/09 | Attempting to cash CC# 401352386 | | $50,000 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNTS 11-23
18 U.S.C. § 1956(a)(1)(B)(i))
(Money Laundering)

The Grand Jury further charges that:

1.    Paragraphs 1-17 of Count 1, and Paragraphs 1-5 of Count 4, of this Indictment are incorporated herein by reference.

**THE CHARGE**

2.    On or about the dates set forth in the table below, in the District of Hawaii, defendant DENNIS R. ALEXIO, knowing that property involved in financial transactions affecting interstate commerce represented the proceeds of some form of unlawful activity, conducted financial transactions which in fact involved the proceeds of specified unlawful activity, that is, DENNIS R. ALEXIO purchased and deposited cashiers checks (CC) and purchased a vehicle, which were the proceeds of the wire fraud charged in Count 4 of this Indictment, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the wire fraud charged in Count 4 of this Indictment, with the purchase and deposit of each

23

cashiers check, and the purchase of the vehicle, constituting a
separate count of this Indictment as set forth in the table below:

| Count | Date | Financial Transaction | Payee | Amount |
|---|---|---|---|---|
| 11 | 09/04/10 | Purchase of CC# 500495282 | OSLS | $12,000 |
| 12 | 09/04/10 | Purchase of CC# 500495283 | himself | $78,000 |
| 13 | 09/05/10 | Purchase of CC# 500495289 | himself | $75,000 |
| 14 | 09/05/10 | Purchase of CC# 500495290 | himself | $15,000 |
| 15 | 10/16/10 | Purchase of CC #0005075768 | himself | $20,000 |
| 16 | 10/16/10 | Purchase of CC #0005075769 | himself | $20,000 |
| 17 | 10/16/10 | Deposit into his checking account with Hawaii USA FCU | | $35,000 |
| 18 | 10/16/10 | Purchase, via check #235, drawn on his checking account, in the amount of $33,586.88 to New City Nissan for a 2010 Nissan Armada | | |
| 19 | 12/23/10 | Purchase of CC #0005090322 | himself | $10,000 |
| 20 | 01/05/11 | Deposit of CC #0005090322 into his checking account with Hawaii USA FCU | himself | $10,000 |
| 21 | 2/28/11 | Deposit of CC#0005075768 into his checking account with Hawaii USA FCU | himself | $20,000 |
| 22 | 2/28/11 | Purchase of CC #0005104082 | himself | $10,000 |
| 23 | 4/02/11 | Deposit of CC #0005104082 into his checking account with Hawaii USA FCU | | $10,000 |

All in violation of Title 18, United States Code, Section
1956(a)(1)(B)(i).

24

## COUNTS 24-29
(18 U.S.C. § 1957(a))
(Money Laundering and Attempted Money Laundering)

The Grand Jury further charges that:

1.    Paragraphs 1-17 of Count 1, and Paragraphs 1-5 of Count 4, of this Indictment are incorporated herein by reference.

2.    On or about the dates set forth in the table below, in the District of Hawaii, defendant ANITALEI D. ALEXIO, did knowingly engage and attempt to engage in monetary transactions affecting interstate commerce in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, that is, defendant ANITALEI D. ALEXIO purchased the five cashier's checks set forth in the table below, and attempted to cash one of those cashier's checks, which were derived from the wire fraud scheme described in Count 4 of this Indictment:

| Count | Date | Financial Transaction | Amount |
|-------|------|-----------------------|--------|
| 24 | 04/10/09 | Purchase of CC# 401352384 | $100,000 |
| 25 | 04/10/09 | Purchase of CC# 401352385 | $100,000 |
| 26 | 04/10/09 | Purchase of CC# 401352386 | $50,000 |
| 27 | 04/10/09 | Purchase of CC# 401352387 | $35,000 |
| 28 | 04/10/09 | Purchase of CC# 401352388 | $98,520.77 |
| 29 | 04/16/09 | Attempted cashing of CC# 401352386 | $50,000 |

All in violation of Title 18, United States Code, Section 1957(a).

**COUNTS 30-35**
(18 U.S.C. § 1957(a))
(Money Laundering)

The Grand Jury further charges that:

1.      Paragraphs 1-17 of Count 1, and Paragraphs 1-5 of Count 4, of this Indictment are incorporated herein by reference.

**THE CHARGE**

2.      On or about the dates set forth in the table below, in the District of Hawaii, defendant DENNIS R. ALEXIO did knowingly engage and attempt to engage in monetary transactions affecting interstate commerce in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, that is, defendant DENNIS R. ALEXIO purchased or deposited the cashier's checks set forth in the table below, which were derived from the wire fraud scheme described in count 4 of this Indictment:

| Count | Date | Financial Transaction | Amount |
|-------|------|----------------------|--------|
| 30 | 09/04/10 | Purchase of CC #500495283 | $78,000 |
| 31 | 10/16/10 | Purchase of CC #0005075768 | $20,000 |
| 32 | 10/16/10 | Purchase of CC #0005075769 | $20,000 |
| 33 | 10/16/10 | Deposit of CC #500495289 | $75,000 |
| 34 | 12/23/10 | Deposit of CC #0005075769 | $20,000 |
| 35 | 2/28/11 | Deposit of CC #0005075768 | $20,000 |

All in violation of Title 18, United States Code, Section 1957(a).

26

## COUNT 36
(18 U.S.C. § 1957(a))
(Attempted Money Laundering)

The Grand Jury further charges that:

1.    Paragraphs 1-17 of Count 1, and Paragraphs 1-5 of Count 4, of this Indictment are incorporated herein by reference.

### THE CHARGE

2.    On or about October 3, 2010, in the District of Hawaii, defendants DENNIS R. ALEXIO and ANITALEI D. ALEXIO, did knowingly attempt to engage in a monetary transaction affecting interstate commerce in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, that is, defendants DENNIS R. ALEXIO and ANITALEI D. ALEXIO attempted to negotiate Cashier's Check #401352388, in the amount of $98,520.77 and made payable to ANITALEI ALEXIO, by obtaining $8,800 in cash and purchasing two new cashier's checks made payable to DENNIS ALEXIO, with Cashier's Check #401352388 being derived from the wire fraud scheme described in count 4 of this Indictment:

All in violation of Title 18, United States Code, Section 1957(a).

\ \

\ \

27

## COUNT 37
### (18 U.S.C. § 641)
(Theft of Government Money)

The Grand Jury further charges that:

1.    Paragraphs 1-17 of Count 1 of this Indictment are incorporated herein by reference.

2.    Notwithstanding ANITALEI D. ALEXIO receiving actual notice from the ASB on April 16, 2009, that she was not entitled to her 2008 refund of $376,100, and that the IRS had requested the ASB to return the $376,100, and despite DENNIS R. ALEXIO learning on April 10, 2009, that the IRS had recalled the $350,000 earmarked for his checking account with Hawaii USA FCU, ANITALEI ALEXIO and DENNIS ALEXIO refused and have continued to refuse to return the $376,100 sent to her by the IRS on April 10, 2009.

### THE CHARGE

3.    From on or about April 10, 2009, and continuing thereafter until the date of this Indictment, in the District of Hawaii, the defendants DENNIS R. ALEXIO and ANITALEI D. ALEXIO, willfully and knowingly did convert to their own use more than $1,000, that is, $376,100, and did aid and abet the same, with such funds belonging to the United States and the Internal Revenue Service, an agency of the United States.

All in violation of Title 18, United States Code, Sections 2 and 641.

28

## COUNT 38
### (18 U.S.C. § 287)
### (False and Fraudulent Claim)

The Grand Jury further charges that:

1.   Paragraphs 1-17 of Count 1 of this Indictment are incorporated herein by reference.

2.   The Internal Revenue Service's Form 1099-OID is issued when a taxpayer purchases a bond or note for an amount that is less than face value.   An OID (Original Issue Discount) reports the excess of an obligation's stated redemption price at maturity over its issue price.   Obligations that may OID include a bond, debenture, note, certificate or other evidence of indebtedness having a term of more than one year.

**THE CHARGE**

3.   On or about May 12, 2010, in the District of Hawaii, the defendant ANITALEI D. ALEXIO presented a claim to the Internal Revenue Service, an agency of the United States, that is, she efiled her 2009 federal income tax return, Form 1040, with the Internal Revenue Service seeking a tax refund of $794,566, knowing that the claim for a tax refund of $794,566 was false and fraudulent because it was based on false and fictitious 1099 OID interest income of $1,222,147, and false and fictitious tax withholdings of $1,034,468.

All in violation of Title 18, United States Code, Section 287.

29

## COUNT 39
(18 U.S.C. § 287)
(18 U.S.C. § 2)
(False and Fraudulent Claim)

The Grand Jury further charges that:

1.     Paragraphs 1-17 of Count 1 of this Indictment are incorporated herein by reference.   Paragraph 2 of count 38 of this Indictment also is incorporated herein by reference.

### THE CHARGE

2.     On or about December 24, 2010, in the District of Hawaii, the defendant DENNIS R. ALEXIO presented, and did aid and abet the presentation of, a claim to the Internal Revenue Service, an agency of the United States, that is, he signed and mailed, or caused to be mailed, an amended 2009 federal income tax return, Form 1040X, for defendant ANITALEI R. ALEXIO to the Internal Revenue Service seeking a tax refund of $3,250,170 to be paid to ANITALEI R. ALEXIO, knowing that the claim for that refund of $3,250,170 was false and fraudulent because on false and fictitious 1099-OID interest income of $5,000,000, and false and fictitious income tax withholdings of $5,000,000.

All in violation of Title 18, United States Code, Section 287.

\ \

\ \

30

## COUNT 40
(18 U.S.C. § 287)
(False and Fraudulent Claim)

The Grand Jury further charges that:

1.    Paragraphs 1-17 of Count 1 of this Indictment are incorporated herein by reference.   Paragraph 2 of count 38 of this Indictment also is incorporated herein by reference.

### THE CHARGE

2.    On or about December 7, 2010, in the District of Hawaii, the defendant DENNIS R. ALEXIO presented a claim to the Internal Revenue Service, an agency of the United States, that is, he efiled his 2009 federal income tax return, Form 1040, with the Internal Revenue Service seeking a tax refund of $3,267,456, knowing that the claim for a tax refund of $3,267,456 was false and fraudulent because it was based on false and fictitious 1099 OID interest income of $5,000,000, and false and fictitious income tax withholdings of $5,000,000.

All in violation of Title 18, United States Code, Section 287.

\ \

\ \

\ \

\ \

\ \

## COUNT 41
(18 U.S.C. § 287)
(False and Fraudulent Claim)

The Grand Jury further charges that:

1.    Paragraphs 1-17 of Count 1 of this Indictment are incorporated herein by reference.   Paragraph 2 of count 38 of this Indictment also is incorporated herein by reference.

### THE CHARGE

2.    On or about February 16, 2011, in the District of Hawaii, the defendant DENNIS R. ALEXIO presented a claim to the Internal Revenue Service, an agency of the United States, that is, he efiled his 2009 federal income tax return, Form 1040, seeking a tax refund of $3,267,456, knowing that the claim for a tax refund of $3,267,456 was false and fraudulent because it was based on false and fictitious 1099 OID interest income of $5,000,000, and false and fictitious income tax withholdings of $5,000,000.

All in violation of Title 18, United States Code, Section 287.

\ \

\ \

\ \

\ \

\ \

\ \

### COUNT 42
(18 U.S.C. § 287)
18 U.S.C. § 2)
(Aiding and Abetting a False and Fraudulent Claim)

The Grand Jury further charges that:

1.    Paragraphs 1-17 of Count 1 of this Indictment are incorporated herein by reference.   Paragraph 2 of count 38 of this Indictment also is incorporated herein by reference.

### THE CHARGE

2.    On or about April 13, 2009, in the District of Hawaii, the defendant DENNIS R. ALEXIO did aid and abet the presentation of a claim to the Internal Revenue Service, an agency of the United States, that is, he prepared and efiled the 2008 federal income tax return for J.C., Form 1040, seeking a tax refund of $221,369, knowing that the claim for a tax refund of $221,369 was false and fraudulent because it was based on false and fictitious 1099 OID interest income of $324,234, and false and fictitious income tax withholdings of $324,234.

All in violation of Title 18, United States Code, Section 287.

\ \

\ \

\ \

\ \

## FORFEITURE ALLEGATIONS

1.     The allegations contained in Counts 5-36 of this Indictment are incorporated herein by reference.

2.     Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Sections 1956 or 1957, the defendants DENNIS R. ALEXIO and ANITALEI D. ALEXIO, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.   The property to be forfeited includes, but is not limited to, the following:

(a).  A sum of money equal to $326,100, which represents the amount of money involved in the money laundering offenses alleged in Counts 5-36, minus the $50,000 seized by the American Savings Bank and remitted back to the Internal Revenue Service;

(b).  ASB Cashier's Check #401352388, in the amount of $98,520.77, purchased on April 10, 2009, and made payable to ANITALEI D. ALEXIO;

(c).  ASB Cashier's Check #500495283, in the amount of $78,000, purchased on September 4, 2010, and made payable to DENNIS R. ALEXIO;

(d).  A 2010 Nissan Armada, Vehicle Identification Number 5N1AA0NDXAN623672, license plate number RGR 330, whose registered owner is defendant DENNIS R. ALEXIO, and purchased on or about October 16, 2010; and

(e).  Bank of Hawaii Cashier's Check #2112825, in the amount of $50,000, purchased on August 7, 2013, and made payable to ANITALEI D. ALEXIO.

Dated: November 13, 2013, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
FOREPERSON, Grand Jury

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR.
Chief, Criminal Division

MARSHALL H. SILVERBERG
Assistant U.S. Attorney

United States v. DENNIS R. ALEXIO & ANITALEI ALEXIO, Cr.
No. _____ (Indictment)