AO 245B     (Rev. 6/05) Judgment in a Criminal Case
              Sheet 1

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY 01 2017
at __11__ o'clock and __10__ min. __A__ M
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**DENNIS R. ALEXIO** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:    1:13CR01018-001<br>USM Number:    93052-011<br>RICHARD GRONNA, ESQ.<br>Defendant's Attorney |

**THE DEFENDANT:**

[ ]      pleaded guilty to count(s): ___.
[ ]      pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[✔]     was found guilty on Counts 1, 2, 4, 11 through 23, 30 through 35, 36, 37, 39, 40, 41 and 42 of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| See next page. | | | |

      The defendant is sentenced as provided in pages 2 through _10_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]      The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]      Counts ___ are dismissed on the motion of the United States.

      It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

April 27, 2017
Date of Imposition of Judgment

_/s/ Signature_
Signature of Judicial Officer

**J. MICHAEL SEABRIGHT**, Chief United States District Judge
Name & Title of Judicial Officer

May 1, 2017
Date

AO 245B (Rev. 6/05) Judgment in a Criminal Case
Sheet 1A

| | | | Judgment - Page 2 of 10 |
|---|---|---|---|
| CASE NUMBER: | 1:13CR01018-001 | | |
| DEFENDANT: | DENNIS R. ALEXIO | | |

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Theft of Public Property, to File False Claims with the IRS, to Commit Wire Fraud, to Commit Money Laundering, and to Commit Attempted Money Laundering to Defraud the IRS | 8/7/2013 | 1 |
| 18 U.S.C. §§ 2 and 641 | Theft of Government Money and Aiding and Abetting the Same | 12/15/2008 | 2 |
| 18 U.S.C. § 1341 | Wire Fraud | 2/16/2011 | 4 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 9/4/2010 | 11 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 9/4/2010 | 12 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 9/5/2010 | 13 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 9/5/2010 | 14 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 10/16/2010 | 15 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 10/16/2010 | 16 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 10/16/2010 | 17 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 10/16/2010 | 18 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 12/23/2010 | 19 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 1/5/2011 | 20 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 2/28/2011 | 21 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 2/28/2011 | 22 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 4/2/2011 | 23 |
| 18 U.S.C. § 1957(a) | Engaging in Money Transactions in Property Derived from a Specified Unlawful Activity | 9/4/2010 | 30 |
| 18 U.S.C. § 1957(a) | Engaging in Money Transactions in Property Derived from a Specified Unlawful Activity | 10/16/2010 | 31 |
| 18 U.S.C. § 1957(a) | Engaging in Money Transactions in Property Derived from a Specified Unlawful Activity | 10/16/2010 | 32 |
| 18 U.S.C. § 1957(a) | Engaging in Money Transactions in Property Derived from a Specified Unlawful Activity | 10/16/2010 | 33 |
| 18 U.S.C. § 1957(a) | Engaging in Money Transactions in Property Derived from a Specified Unlawful Activity | 12/23/2010 | 34 |

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
Sheet 1A

| | | | Judgment - Page 3 of 10 |
|---|---|---|---|
| CASE NUMBER: | 1:13CR01018-001 | | |
| DEFENDANT: | DENNIS R. ALEXIO | | |

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1957(a) | Engaging in Money Transactions in Property Derived from a Specified Unlawful Activity | 2/28/2011 | 35 |
| 18 U.S.C. § 1957(a) | Attempt to Engaging in Money Transactions in Property Derived from a Specified Unlawful Activity | 10/3/2010 | 36 |
| 18 U.S.C. §§ 2 and 641 | Theft of Government Money and Aiding and Abetting the Same | 11/13/2013 | 37 |
| 18 U.S.C. §§ 287 and 2 | Aiding and Abetting a False and Fraudulent Claim | 12/24/2010 | 39 |
| 18 U.S.C. § 287 | False and Fraudulent Claim | 12/7/2010 | 40 |
| 18 U.S.C. § 287 | False and Fraudulent Claim | 2/16/2011 | 41 |
| 18 U.S.C. §§ 287 and 2 | Aiding and Abetting a False and Fraudulent Claim | 4/13/2009 | 42 |

AO 245B     (Rev. 6/05) Judgment in a Criminal Case
           Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 1:13CR01018-001 | Judgment - Page 4 of 10 |
| DEFENDANT: | DENNIS R. ALEXIO | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: ONE HUNDRED-EIGHTY MONTHS.

This terms consists of 180 MONTHS as to Counts 4 and 11 through 23; 120 MONTHS as to Counts 2 and 30 through 37; and 60 MONTHS as to Counts 1 and 39 through 42, all counts to run CONCURRENTLY with each other and with the defendant's sentencing in CR NO. 13-01017-01 JMS.

[✔]     The court makes the following recommendations to the Bureau of Prisons:
         Facility in Western region of the United States

[✔]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
         [ ] at ___ on ___.
         [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
         [ ] before _ on ___.
         [ ] as notified by the United States Marshal.
         [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

       Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                              UNITED STATES MARSHAL

                              By _____
                                                Deputy U.S. Marshal

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
　　　　　Sheet 3 - Supervised Release

CASE NUMBER:      1:13CR01018-001                              Judgment - Page 5 of 10
DEFENDANT:        DENNIS R. ALEXIO

# SUPERVISED RELEASE

　　　　Upon release from imprisonment, the defendant shall be on supervised release for a term of:  THREE (3) YEARS.

This term consists of THREE (3) YEARS, as to each count, all counts to run concurrently with each other and with the defendant's sentence in CR NO. 13-01017-01 JMS.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[✔]　　　The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]　　　The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]　　　The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check, if applicable.*)

[ ]　　　The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

　　　　If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

　　　　The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by the probation officer. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a probation officer's question shall not be considered a violation of this condition.
5) You must live at a place approved by the probation officer. If you plan to change where you live or who lives with you, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time reasonable under the circumstances at your home or elsewhere, and you must permit, to the extent you are able or authorized to do so, the probation officer to take any items prohibited by the conditions of your supervision that the officer observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or if there are substantial changes to your job responsibilities, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8) Unless you have received advance permission from the probation officer or the association is required by supervision conditions, you must not voluntarily and intentionally associate with any person you know is engaged in committing a federal, state, or local crime, not including traffic offenses, whether the crime is being committed in or outside of your presence. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10) You must not own, possess, or have access to a firearm, ammunition, destructive device, as defined in 18 U.S.C. § 921(a)(4), or dangerous weapon (that is, anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) If the probation officer determines that you pose a risk to an organization or a person relating to your criminal record or personal history or characteristics, the probation officer may require, with the court's approval, that you notify that organization or person (or that person's parent, guardian, caretaker, or other individual responsible for the person's welfare) about the risk, and you must comply with that instruction. The probation officer may contact the organization or person that you were directed to notify and confirm that you notified that organization or person about the risk.
13) You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
         Sheet 3 - Supervised Release

CASE NUMBER:    1:13CR01018-001                                     Judgment - Page 6 of 10
DEFENDANT:      DENNIS R. ALEXIO

## SPECIAL CONDITIONS OF SUPERVISION

1. Restitution of $168,923.63 is due to the U.S. Department of Treasury, Internal Revenue Service, Attn: Mail Stop 6261, Restitution, 333 West Pershing Avenue, Kansas City, MO 64108, as follows: $155,525.50 (owed jointly and severally with codefendant Anitalei D. Alexio); and $13,398.13 (individually). Any unpaid balance is to be paid during the period of supervision according to a schedule determined by the court. You must submit documents requested by the probation officer that would assist the court in determining an appropriate payment schedule at the start and during the term of supervision. Your financial circumstances must be reviewed by the probation officer on at least an annual basis. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Interest is waived. Payments must be made by payroll deduction, when applicable.  Any monies paid by the Defendant shall be first applied to the restitution in Cr. No. 13-01017 JMS.

2. You must cooperate with the Internal Revenue Service and arrange for the payment of delinquent taxes, interest and penalties, and the filing of tax returns.

3. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

4. You must not incur new credit charges, or open additional lines of credit, or apply for any loans without the prior approval of the probation officer.

5. You must provide the probation officer with a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all of your sources and amounts of income, all of your expenses, and any business you own, in whole or in part.

6. You must maintain a single personal bank account, separate and apart from your spouse, any family members or others, into which all income, financial proceeds, and gains must be deposited and from which all expenses must be paid.

7. You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

8. You must participate in a mental health assessment, and any recommended treatment in a mental health program, and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration and intensity).

9. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245 B   (Rev. 6/05) Judgment in a Criminal Case
          Sheet 5 - Criminal Monetary Penalties

CASE NUMBER:      1:13CR01018-001                                    Judgment - Page 7 of 10
DEFENDANT:        DENNIS R. ALEXIO

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 2,800.00 | $ | $168,923.63, $155,525.50 (owed jointly and severally with codefendant Anitalei D. Alexio); and $13,398.13 (individually) |

[ ]  The determination of restitution is deferred until      . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[✔]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| U.S. Department of Treasury<br>Internal Revenue Service<br>Attn: Mail Stop 6261, Restitution<br>333 West Pershing Avenue<br>Kansas City, MO 64108 | $ 168,923.63 | | |
| **TOTALS** | $ 168,923.63 | $ _ | |

[ ]  Restitution amount ordered pursuant to plea agreement   $ _

[ ]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]   the interest requirement is waived for the    [ ] fine    [ ] restitution

   [✔]   the interest requirement for the   [ ] fine    [✔] restitution is modified as follows:

   Interest is waived. Any monies paid by the Defendant shall be first applied to the restitution in Cr. No. 13-01017 JMS.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13,1994, but before April 23,1996.

AO 245B (Rev. 6/05) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

CASE NUMBER: 1:13CR01018-001 Judgment - Page 8 of 10
DEFENDANT: DENNIS R. ALEXIO

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ _ due immediately, balance due
      [ ] not later than _ , or
      [ ] in accordance   [ ] C,   [ ] D,   [ ] E, or [ ] F below, or

B  [✓]  Payment to begin (may be combined with     [ ] C,   [ ] D, or [✓] F below); or

C  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [✓]  Special instructions regarding the payment of criminal monetary penalties:

Restitution of $168,923.63 is due to the U.S. Department of Treasury, Internal Revenue Service, Attn: Mail Stop 6261, Restitution, 333 West Pershing Avenue, Kansas City, MO 64108, as follows: $155,525.50 (owed jointly and severally with codefendant Anitalei D. Alexio); and $13,398.13 (individually). Any unpaid balance is to be paid during the period of supervision according to a schedule determined by the court. You must submit documents requested by the probation officer that would assist the court in determining an appropriate payment schedule at the start and during the term of supervision. Your financial circumstances must be reviewed by the probation officer on at least an annual basis. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Interest is waived. Payments must be made by payroll deduction, when applicable. Any monies paid by the Defendant shall be first applied to the restitution in Cr. No. 13-01017 JMS.

If this judgment imposes imprisonment, payment of criminal monetary penalties is not due during imprisonment, unless specifically required by this judgment. However, this order does not preclude a defendant from making voluntary payments towards any criminal monetary penalties. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✓]  Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate. See Next Page

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

CASE NUMBER: 1:13CR01018-001            Judgment - Page 9 of 10
DEFENDANT: DENNIS R. ALEXIO

[✓]  The defendant shall forfeit the defendant's interest in the following property to the United States:

<u>See</u> [265] Preliminary Order of Forfeiture filed March 4, 2016, which is incorporated hereby by reference and lists the following items of specific property:

(a) American Savings Bank Cashier's Check #401352388, in the amount of $98,520.77, which was purchased on April 10, 2009, and made payable to Anitalei D. Alexio;

(b) American Savings Bank Cashier's Check #500495283, in the amount of $78,00.00, which was purchased on September 4, 2010, and made payable to Dennis R. Alexio;

(c) A 2010 Nissan Armada, Vehicle Identification Number 5N1AA0NDXAN623672, license plate number RGR 330, whose registered owner is Dennis R. Alexio, and which was purchased on or about October 16, 2010; and

(d) Bank of Hawaii Cashier's Check #2112825, in the amount of $50,00.00, which was purchased on August 7, 2013, and made payable to Anitalei Alexio.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 6A - Schedule of Payments

CASE NUMBER:      1:13CR01018-001                                    Judgment - Page 10 of 10
DEFENDANT:        DENNIS R. ALEXIO
                  ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 1:13CR01018-002 JMS | $168,923.63 | $155,525.50 | U.S. Department of Treasury, Internal Revenue Service |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.